# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1413

CARMEN CUC-TIUL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

———————————————

On Petition for Review of the Board of Immigration Appeals
Immigration Judge John B. Carle, No. A215-709-545

Before: RESTREPO, BIBAS, and PHIPPS, *Circuit Judges*
Submitted: Apr. 22, 2026; Filed: Apr. 22, 2026

———————————————

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. Carmen Cuc-Tiul lived with her boyfriend in Guatemala. He threatened her, beat her, and "kicked [her] out of the house." AR 120. So she came to the United States illegally, was caught, and was put into removal proceedings. The immigration judge denied her claims of asylum, withholding of removal, and protection under the Convention Against Torture. The Board of Immigration Appeals affirmed, dismissing her appeal. We review the agency's factual findings for substantial evidence and its legal rulings de novo. 8 U.S.C. § 1252(b)(4)(B); *Chavez-Chilel v. Att'y Gen. U.S.*, 20 F.4th 138, 142 n.3 (3d Cir. 2021).

---

[*] This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

Before the Board and to us, the only particular social group that Cuc-Tiul claims to be a part of is "Guatemalan women." Petitioner's Br. 9. But we have already rejected that proposed group as amorphous and overbroad. *Chavez-Chilel*, 20 F.4th at 146. Cuc-Tiul asks us to "re-visit" that conclusion, but we are bound by a prior panel's precedential opinion. Pet'r's Br. 9; 3d Cir. I.O.P. 9.1. In any event, the Board and immigration judge found that Cuc-Tiul had suffered domestic abuse not because she was a Guatemalan woman but because of personal animus and her boyfriend's criminality. Cuc-Tiul has not shown that this finding lacks substantial evidence, and thus, that being a woman was "one central reason for" her abuse. 8 U.S.C. § 1158(b)(1)(B)(i). Each of those reasons suffices to torpedo her asylum and withholding-of-removal claims.

Cuc-Tiul's Convention claim fails too. The immigration judge found that, though her ex-boyfriend might harm her if she went back, she had not proven that he is more likely than not to do so. Cuc-Tiul does not know where he is, whether he has married, or how he would even know if she had returned. She has not proven "that it is more likely than not that … she would be tortured if removed to" Guatemala. 8 C.F.R. § 1208.16(c)(2). We will thus DENY the petition for review.